Filed 7/18/16  P. v. Everett CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONALD EVERETT JR.,<br><br>    Defendant and Appellant. | B262099<br><br>(Los Angeles County<br>Super. Ct. No. YAO84595) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Affirmed.

Melissa Hill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Ronald Everett Jr., along with two confederates, John Ross Craig and Trevon Deshawn Tresvant, was charged in an information with five counts of kidnapping for the purpose of robbery (Pen. Code, § 208, subd. (b)(1)),[1] one count of attempted robbery (§§ 211, 664) and seven counts of second degree robbery (§ 211). The information specially alleged as to all 13 counts that a principal had personally used a firearm in committing the offenses (§ 12022.53, subds. (b) & (e)(1)) and that each offense was committed to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)). The information also specially alleged that Everett had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12) and section 667, subdivision (a)(1), and had served one prior prison term for a felony (§ 667.5, subd. (b)). Everett pleaded not guilty to the charges and denied the special allegations.

On January 15, 2015 Everett agreed, orally and in writing, to plead no contest to two counts of second degree robbery and to admit the firearm-use allegations as to both counts, as well as the prior conviction allegations.[2] At the time he entered his plea, Everett was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Everett's counsel joined in the waivers of his constitutional rights. The trial court expressly found Everett's waivers, plea and admissions were voluntary, knowing and intelligent. The court sentenced Everett in accordance with the negotiated plea agreement to an aggregate state prison term of 23 years, consisting of consecutive terms of six years (the three-year middle term doubled under the three strikes law) and two years (one-third the middle term doubled) for the two counts of robbery, plus 10 years for one of the firearm-use enhancements and five years for the prior serious felony enhancement. The court awarded presentence custody credit of 1,088 days and ordered Everett to pay statutory fines, fees and assessments. The

---

[1]     Statutory references are to this code.

[2]     Everett's codefendants entered into similar plea agreements.

remaining counts and special allegations were dismissed pursuant to the negotiated agreement.[3]

On January 27, 2015 Everett filed a notice of appeal from the "judgment entered following a plea of conviction." Everett did not request a certificate of probable cause. On March 6, 2015 Everett filed an amended notice of appeal in which he checked the preprinted boxes indicating his appeal was based on "the sentence or other matters occurring after the plea" and "the denial of a motion to suppress evidence under Penal Code section 1538.5." Everett did not obtain a certificate of probable cause.

We appointed counsel to represent Everett on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised.

On October 14, 2015 we advised Everett he had 30 days within which to personally submit any contentions or issues he wished us to consider. After granting Everett two extensions of time, on January 13, 2016 we received a partially typed, partially handwritten 13-page supplemental brief with multiple attachments that presented three issues. First, Everett argues his admission of the section 12022.53 firearm-use enhancements was not voluntary, knowing and intelligent and his trial attorney provided ineffective assistance because Everett was not advised a principal who had not personally used a firearm was not subject to the enhancement pursuant to section 12022.53, subdivision (e)(1), unless it was pleaded and proved the subject offense had been committed to benefit a criminal street gang. Here, the gang allegations were dismissed under the negotiated plea agreement. Second, Everett argues the prosecutor failed to disclose videotape evidence to the defense as required by *Brady v. Maryland* (1963) 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215]. Finally, Everett asserts trial counsel

---

[3]    The negotiated plea agreement contemplated imposition of a single 10-year firearm use enhancement under section 12022.53, subdivision (b), although Everett admitted personal use of a firearm in the commission of both robbery counts as to which he had pleaded no contest. This aspect of the plea agreement and sentence appears to violate section 12022.53, subdivision (h), which provides, "Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section."

3

was constitutionally ineffective in failing to file a motion to contest portions of the probation officer's report.[4]

Everett's claims lack merit. As to his first argument, although the information specially alleged Everett and his two codefendants were liable as principals under section 12022.53, subdivisions (b) and (e)(1), which requires pleading and proof the underlying offense was gang-related, as part of his plea agreement Everett admitted he had personally used a firearm within the meaning of section 12022.53, subdivision (b). Imposition of the 10-year enhancement was entirely proper based on that admission even though the court dismissed the criminal street gang allegations as part of the parties' plea agreement.

Neither of Everett's other two arguments is cognizable on appeal. A criminal defendant who appeals following a plea of no contest or guilty without obtaining a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(1).) To the extent Everett is challenging the validity of his plea (because of the purported *Brady* violation) and the sentence imposed as part of that plea (because of errors in the probation report), his appeal is inoperative. Furthermore, Everett did not file a motion to suppress evidence; and the record fails to demonstrate defense counsel provided ineffective assistance for any of the reasons asserted in Everett's supplemental brief. (*Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].) With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied Everett's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000)

---

4      On January 12, 2016 Everett filed a petition for writ of habeas corpus asserting ineffective assistance of counsel on grounds different from those asserted in his supplemental brief. We issued an order to show case on April 27, 2016 in that proceeding. (*In re Ronald Everett Jr.*, B269458.)

528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


ZELON, J.


SEGAL, J.